[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant, whose maiden name was Joanne Blancato, intermarried on October 21, 1977 in Middletown, Connecticut. The defendant has resided continuously in the State of Connecticut for at least twelve months next preceding August 26, 1993. The defendant has given birth to only two minor children during the course of this marriage; Justin Paul born March 5, 1979 and Travis Emanuel, born September 4, 1983. No City, State or Federal agency is presently contributing to or has contributed to the support and maintenance of the parties and the minor children except some minor participation in the food stamp program for which reimbursement is not appropriate under existing law. CT Page 7987
When these folks commenced their married life they expected a happy blissful relationship. The plaintiff was employed as a barber or hair salon employee and the defendant engaged in various occupations which she has continued to do over these years since 1977 to help support the children. In 1981 there was a joint decision made that the plaintiff would go to school in an attempt to obtain a undergraduate degree and acquire the educational basis necessary for him to become employed as a Physical Therapist, all in the hopes of increasing their family economic situation. Taking all things into account the defendant agreed that this was a worthy goal and participated and concurred in this decision. It is to be noted at the outset that the plaintiff entered college in 1981 and still remains a student, in excess of thirteen years later still pursuing a graduate Phd in Anthropology. Some where many years ago the plaintiff made a decision to change his field of concentration from Physical Therapy to Anthropology. The defendant was not really aware of or when this occurred or the mechanics of it until sometime after this change of program had been affected. The plaintiff submerged himself over the years in the world of academia. He has never really worked a full time job and provided support from his earnings to his family since 1981. He has worked various odd jobs as a hair-cutter and some other undertakings on a part-time basis. Substantial family support has been provided as a result of various loans that the plaintiff took purportedly to pay college tuitions and income earned by the defendant and contributions from the maternal grandparents, which the court concludes, over the years, have not been insubstantial. In 1982 the defendant became pregnant and the plaintiff was against the continuation of this pregnancy. He urged the defendant to get an abortion. This was devastating for her and was a major factor in the breakdown of this marriage. Also the plaintiff has engaged in and admitted to at least two extra-marital sexual affairs and these liaisons devastated the defendant and commenced to destroy the marriage of these parties. To say that the plaintiff has been submerged in the world of academia since 1981 would be an understatement and to opine as to when he will surface said submersion and commence to engage in ongoing, permanent, gainful employment to support his family is somewhat a matter of speculation. But since his children cannot continue to be supported by speculation and the substantial efforts of the mother alone, CT Page 7988 it is time for the plaintiff to bring this era of professional studentism to an end and obtain a full time job. The court concludes from the credible, admissible and relevant evidence as aforesaid that this marriage has broken down irretrievably and that the causes of the break down have been substantially the action and inaction of the part of the plaintiff-husband. He has incurred some $54,000 in liabilities in connection with his educational and academic pursuits and know urges upon the court the proposition that the defendant, his wife, ought to bear some financial responsibility for this. Since the acquisition of this debt has been substantially his decision only, in which he chose not to include his wife after he changed his educational pursuit from Physiotherapy to Anthropology, the court concludes and finds that this debt is his debt alone and must be satisfied in full by him and he is ordered to so do and to hold the defendant harmless from any responsibility of any type for the satisfaction of this debt load.
The defendant has demonstrated some degree of earning capacity and indeed actual earnings over the years of this marriage and has made some serious contributions towards the ongoing support of herself and the children and her husband. She has worked as a waitress, a floral designer and is presently working on which she describes is interim employment in a floral shop and has earnings of $280.00 per week on a 35 hour week. The plaintiff's claims she has expertise in the field of pottery and has earning potential in this area are not well rounded or grounded and her description of the pottery enterprise as "her golf" is not only in all probability accurate but one indication of a women who has picked herself up in family financial adversity and has made some great strides in self sufficiency.
By agreement of the parties, the court hereby enters and order that the plaintiff and the defendant shall have joint custody of the minor children, and the children shall enjoy a principle place of residence with their mother. The parties shall exert every reasonable effort to maintain free access and unhampered contact between the children and each of the parties. Neither parties should do anything that would tend to estrange the children from the other party nor injure the opinion of the children as to the mother or their father. The husband-plaintiff shall have CT Page 7989 the right to reasonable, flexible, liberal visitation upon one weeks notice in accordance with the following schedule:
(A) The husband shall visit with the children one weekend per month from 6:00 p. m. on Friday to 6:00 p. m on Sunday night. He will pick the children up at the train station in New York City at the beginning at said visitation and will return them to the train station in New York City at the end of said visitation.
(B) The parties will agree in advance as to the visitation with the minor children during Thanksgiving, Christmas, Easter and children birthdays of each year.
(C) The parties shall each be entitled to spend two weeks of the children's summer vacation each year with the children, the exact date should be agreed upon in advance by the parties with notice from the plaintiff to the defendant of at least 21 days prior to said period of visitation.
The parties shall confer with each other on all important matters concerning or pertaining to the children's health, education, welfare and upbringing with a view to arriving at a harmonious policy calculated to promote the best interest of the children. Each of the parties will furnish to the other copies of any reports and third parties concerning the health, education or welfare of the children. The defendant is ordered to give at least 60 days prior written notice to the plaintiff in the event she should desire to establish a residence with the children beyond the distance of ninety miles as measured by automobile travel from the city of Middletown, Connecticut. If she shall make such an election the plaintiff would have the right to return to the court to request the court to reexamine the custody and/or visitation provisions of this decision.
Each of the parties enjoys good health. Taking into account the conclusions of the court with respect to the groundwork of the break down of the marriage and the statutory criteria governing decisions in the domestic matters, this court enters the following orders: the plaintiff shall pay to the defendant the sum of $110.00 per week as support for the minor children ($55.00 for each child per week). As aforesaid the plaintiff shall hold CT Page 7990 defendant harmless in connection with any liability on account of said approximate $54,000 student debt loan. Each of the parties shall be entitled to claim one of the children as a dependency deduction on their Federal and State Income Tax return. The plaintiff's right exercisable only in the event that he is current with his child support. The parties are ordered to name the children as a irrevocable beneficiaries of any existing life insurance policies until the respective children reach the age of majority. All household belongings and furniture are set over and assigned to the defendant to hers absolutely. The plaintiff shall be entitled to a selection of family photographs or memorabilia on the condition that he satisfies any cost of reproduction of said items that he might wish.
The court concludes that the defendant made a substantial effort to forgive a lot and tried to forget a lot of the infidelity and lack of substantial contribution of the husband over a fourteen year period to the wellbeing of his wife and their children. She always felt their was a light at the end of the tunnel but has never or will never see such time while she is married to the plaintiff. She has made substantial contributions over the past fourteen years towards his acquisition or hoped for acquisition of a PhD Degree. It was some high degree of justification feels that she is now being dealt out of any reasonable expected increased financial benefits in all probability will accrued to the defendant at some point not to far in the future. Since the defendant was a party to the process by which the plaintiff is shortly to receive his degree it is not unreasonable that she ought to be afforded the opportunity to share in some of the emoluments therefrom. Accordingly, the court enters an order that the plaintiff pay to the defendant the sum of $1.00 per year as alimony. Subsequent to the time that plaintiff obtains his degree and acquires employment and commences to enjoy increased earning potential and reality as a result of his increased educational status, the defendant will be able to apply to this court for a modification of the award of alimony for a determination at that time as to a reasonable and appropriate participation on her part in the increased financial status of the plaintiff.
Each party should provide medical insurance as may be CT Page 7991 available through employment for the benefit of their minor children. Each shall also be responsible for one-half of any reasonable health expenses incurred on behalf of said children. If any such expenses are covered by insurance their liability extends to any excess or uncovered reasonable health expenses.
Any remaining sale proceeds from the sale of Seagull Haircutters is assigned to the plaintiff to be his absolutely.
It is so ordered, and the marriage is hereby dissolved.
HIGGINS, J.
Judgment entered in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk